IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SANDRA RICHTER,

**Plaintiff,**

v.

WEIL PUMP CO., INC.,

**Defendant.**                                        No. 01-CV-0927-DRH

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court on Weil Pump's June 24, 2005 motions in limine (Doc. 158). Weil pump moves the Court to prohibit Plaintiff from introducing evidence as to the following: (1) evidence that Jerry Davey, Sonda Bald, or Dennis Dankert told Russ Bratt or anyone else at Weil Pump that any alleged acts of harassment would violated the law, or what the consequences of such harassment could be, and that any exhibits containing such statements be redacted; (2) evidence of alleged incidents of sexual harassment while Richter was employed at Scot Pump, before her employment with Weil Pump; (3) evidence relating to her claim of termination because of her age that pre-date 300 days from the date of filing her EEOC complaint; (4) evidence that she was harassed because of her sex prior to 300 days before the filing of her EEOC complaint; (5) evidence that harassment on the basis of any factor other than her sex can establish a hostile or abusive workplace

because of her sex or support damages for a hostile or abusive workplace because of her sex; (6) evidence that she has suffered any future damages; (7) evidence that she has suffered post-traumatic stress disorder; (8) evidence that she has suffered any stress, mental or emotional pain and suffering; and (9) an order precluding Richter from denying that the computer communications , Deposition Exhibit 8, are genuine communications between Richter and Dankert.  As of this date, Plaintiff has not responded to the motions in limine.[1]  Based on the following, the Court grants in part and denies in part Weil Pump's motions in limine.

(1) As to evidence that Jerry Davey, Sonda Bald, or Dennis Dankert told Russ Bratt or anyone else at Weil Pump that any alleged acts of harassment would violated the law, or what the consequences of such harassment could be, and that any exhibits containing such statements be redacted, the Court **GRANTS** the motion. Lay opinions about matters of law are not relevant.  These individuals are not qualified to give such opinions and the Court will instruct the jury on the law.  The Court does not want the jury to become confused.  However, this is not to be confused with questions and answers related to Weil Pump's harassment policy and matters taught to employees consistent with the harassment policy or in the course of trying to properly train employees in a manner consistent with the law.

(2)  As to evidence of alleged incidents of sexual harassment while Richter was employed at Scot Pump, before her employment with Weil Pump, the

---

[1] **Civil L.R. 7.1(b)** provides in part: "the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion."

Court **GRANTS** the motion. Incidents of sexual harassment during terms of employment by a separate and distinct employer are irrelevant. The law of this case (Doc. 130) is that Plaintiff for all times relevant hereto was employed by Weil Pump and therefore incidents that occurred during her employment with Scot Pump are not relevant.

(3) As to evidence relating to her claim of termination because of her age that pre-date 300 days from the date of filing her EEOC complaint, the Court **DENIES** the motion. While Judge Stadtmueller granted Weil Pump's motion to dismiss the hostile work environment claim on the basis of age discrimination (Doc. 130), the Court cannot grant this motion at this time because this ruling depends on whether the evidence is too remote to be deemed relevant whether that is greater than or less than 300 days as demonstrated by ***Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569 (7th Cir. 2003)**; ***Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716 (7th Cir. 1998)**.

(4) As to evidence that she was harassed because of her sex prior to 300 days before the filing of her EEOC complaint, the Court **DENIES** the motion. Richter's theory of sexual harassment is one of hostile work environment and according to ***National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)**, acts in excess of 300 days are admissible if otherwise determined to be relevant.

(5) As to evidence that harassment on the basis of any factor other than her sex can establish a hostile or abusive workplace because of her sex or support

damages for a hostile or abusive workplace because of her sex, the Court **GRANTS** the motion. This is a case about sexual harassment and age discrimination and not boorish behavior. Richter, in excerpts of her deposition provided by Weil Pump, eliminated much of the boorish behavior as irrelevant. The Court will not allow the jury to be confused that a simple hostile work environment is the same thing as a sexually hostile environment.

(6) As to evidence that she has suffered any future damages, the Court **GRANTS** the motion. Without a response contesting the assertions of Weil Pump, the Court has to assume they are accurate. Future damages will be precluded except evidence as to front pay, if any. Back pay is, of course, that pay from the date of her termination until the date of the verdict.

(7) As to evidence that she has suffered post-traumatic stress disorder, the Court **GRANTS** the motion. Again, without a response contesting the assertions of Weil Pump, the Court has to assume they are accurate.

(8) As to evidence that she has suffered any stress, mental or emotional pain and suffering, the Court **DENIES** the motion. There is insufficient information provided by Weil Pump for a ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)** motion in this motion in limine. That is usually the case when counsel attempt to handle these issues in this fashion rather than in a separate motion. At the very least, the Court would have to review the entire deposition of the expert in question. Due to this insufficiency, the Court denies the motion. A

***Daubert*** motion at the eleventh hour might occasion a continuance of the trial.

(9) As to an order precluding Plaintiff from denying that the computer communications, Deposition Exhibit 8, are genuine communications between Plaintiff and Dankert, the Court **DENIES** the motion. Richter testified in her deposition that she did not have knowledge of the information Weil Pump wanted. The Court will not enter an order which may potentially require a witness to commit perjury. If Richter puts Weil Pump to unnecessary time and expense to prove something that is fundamental and foolhardy to require proof and the Court and jury are therefore required to waste time hearing such evidence, the Court will consider sanctions. The parties are reminded that the Court is traveling a considerable distance to accommodate the interests of the parties and whatever the parties can do to streamline the trial and utilize all available efficiencies without offending their individual interests will be greatly appreciated.

Accordingly, the Court **GRANTS in part** and **DENIES in part**, Weil Pump's motions in limine (Doc. 158).

**IT IS SO ORDERED.**

Signed this 13th day of October, 2005.

/s/ David RHerndon
United States District Judge