IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SANDRA RICHTER,

**Plaintiff,**

v.

WEIL PUMP CO., INC.,

**Defendant.**                                      No. 01-CV-0927-DRH

## ORDER

**HERNDON, District Judge:**

Pending before the Court is Plaintiff's motion in limine (Doc. 164). Specifically, Plaintiff moves the Court in limine to prohibit Defendant from introducing evidence at trial as to two issues: (1) that Weil Pump instituted preventative or corrective opportunities, which Richter took advantage of and (2) that Richter was shot in the past. Weil Pump opposes the motion in limine as to the preventive or corrective opportunities issue; but does not oppose the motion in limine as to the shooting issue (Doc. 167). Based on the following, the Court grants in part and denies in part Plaintiff's motion in limine.

On July 29, 2005, the undersigned district judge allowed Weil Pump leave to amend its answer to formally plead the affirmative defense that Defendant exercised reasonable care to prevent or correct any sexual harassing conduct in the workplace, and that Plaintiff took advantage of such preventative or corrective opportunities (Doc. 170). In the Order, the Court noted "that the issue involved has

long been in the case, and thus there is no harm in allowing Defendant to file an amended answer formally asserting the defense." (Doc. 170, pg. 2). Based on that reasoning, the Court **DENIES** Plaintiff's motion in limine on that issue.

As Defendant does not object to motion in limine as to the shooting incident, the Court **GRANTS** the motion in limine on that issue.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion in limine (Doc. 164). The Court **PROHIBITS** Defendant from introducing any evidence regarding Plaintiff's shooting incident.

**IT IS SO ORDERED.**

Signed this 13th day of October, 2005.

<u>/s/         David RHerndon</u>
United States District Judge